

U.S. Department of Justice

United States Attorney
Eastern District of New York

AES:DGR  
F. #2016R00467

271 Cadman Plaza East  
Brooklyn, New York 11201

November 20, 2020

<u>By ECF and Email</u>

The Honorable Margo K. Brodie  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:    United States v. Ng Chong Hwa  
            <u>Criminal Docket No. 18-538 (MKB)</u>

Dear Judge Brodie:

      The government respectfully submits this letter in response to the defendant's November 1, 2020 letter motion (<u>see</u> Dkt. No. 45 ("Motion")) seeking to unseal portions of his memorandum of law in support of various motions filed on October 30, 2020 (<u>see</u> Dkt. No. 46 ("Memorandum")).[1]

      As an initial matter, the government agrees that the entirety of Point IX of the Memorandum (specifically, pages 116-122 and the description of Point IX in the Table of Contents) should remain under seal as it discusses documents that have been marked "Attorney's Eyes Only" pursuant to the protective order entered in this case. <u>See</u> Dkt. No. 26. While the government also agrees that the vast majority of the remainder of the 122-page Memorandum may be unsealed, the government does seek to keep under seal certain small portions of the Memorandum. Specifically, the government seeks to keep under seal portions of pages 4, 5, 92 and 98, which it has highlighted (in addition to Point IX) in the version of the Memorandum provided under separate cover to the Court and the defendant as Exhibit A, and which the government requests should also be filed under seal.

      Courts recognize a "qualified First Amendment right" to access judicial documents and proceedings and a presumptive right of access to judicial documents under the common law. <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 119, 120 (2d Cir. 2006) (quoting <u>Hartford Courant Co. v. Pellegrino</u>, 380 F.3d 83, 91 (2d Cir. 2004)). However, those rights of access are not absolute. The public's "qualified" right of access may be overcome in

---

[1] The defendant initially filed his memorandum of law at Docket No. 43, and then filed a corrected memorandum of law at Docket No. 46.

certain circumstances, including where a court makes "specific, on the record findings" "demonstrating that closure [or sealing] is essential to preserve higher values and is narrowly tailored to serve that interest." United States v. Alcantara, 396 F.3d 189, 199 (2d Cir. 2005) (alteration omitted, quoting United States v. Haller, 837 F.2d 84, 87 (2d Cir. 1988)); see also United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995). In making that determination, courts apply a balancing test and must decide (1) "if there is a substantial probability of prejudice to a compelling interest of the defendant, government, or third party" that closure or sealing would prevent; (2) if there is such a probability, "consider whether reasonable alternatives to closure [or sealing]" can otherwise protect the compelling interest; (3) if reasonable alternatives are lacking, courts must "determine whether, under the circumstances of the case, the prejudice to the compelling interest overrides the qualified First Amendment right of access;" and (4) if closure or sealing is warranted, devise an order that, "while not necessarily the least restrictive means available to protect the endangered interest, is narrowly tailored to that purpose." United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995) (internal quotation marks, alteration, and citation omitted); see also Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 8-9 (1986).

Here, for the reasons set forth in the government's ex parte letter filed simultaneously with this letter, public disclosure of the information in the limited portions of the Memorandum identified in Exhibit A implicates sufficiently "higher values" that warrant sealing. The government therefore requests that the Court make specific findings, in accordance with Doe, that sealing the small portions of the Memorandum set forth in Exhibit A is both essential to preserve compelling interests and narrowly tailored to serve those interests. Alcantara, 396 F.3d at 199 (internal quotation marks omitted). The government further requests that the Court's findings be made ex parte and under seal, and that the defendant be ordered to publicly file a version of the Memorandum with the requested redactions set forth in Exhibit A.

                                            Respectfully submitted,

                                            SETH D. DuCHARME
                                            Acting United States Attorney
                                            Eastern District of New York

                                      By:   /s/ Alixandra Smith
                                            Alixandra E. Smith
                                            Drew G. Rolle
                                            Assistant U.S. Attorneys

| | |
|---|---|
| DANIEL S. KAHN | DEBORAH L. CONNOR |
| Acting Chief, Fraud Section, | Chief, Money Laundering and Asset |
| Criminal Division | Recovery Section, Criminal Division |
| U.S. Department of Justice | U.S. Department of Justice |
| | |
| By:  /s/ Katherine Nielsen | By:  /s/ Jennifer Ambuehl |
|       Katherine A. Nielsen |       Jennifer E. Ambuehl |
|       David Last |       Nikhila Raj |
|       Trial Attorneys |       Trial Attorneys |