

Wiggin and Dana LLP  
437 Madison Avenue  
35th Floor  
New York, NY 10022  

Kevin Carroll  
202.800.2475  
212.551.2888 fax  
kcarroll@wiggin.com

<u>VIA ECF</u>

March 14, 2021

The Honorable Margo K. Brodie  
United States District Judge  
U.S. District Court for the Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

Re: *United States v. Ng Chong Hwa a.k.a. Roger Ng*, 18 Cr. 538 -- request for Intervenor status

Dear Judge Brodie:

The undersigned are counsel to Mohd Najib Bin Bad Razak ("Petitioner") in the proceeding captioned *Razak v. Leissner et al.*, 20-mc-387(JGK)(KHP)(SDNY), in which Petitioner seeks the discovery of evidence from Respondents Timothy Leissner and Goldman Sachs Group, Inc. for use in defending against criminal charges Petitioner faces in Malaysia. The letter filed on March 12, 2021 by counsel for defendant Ng Chong Hwa in *United States v. Ng* (Dkt. 64) highlights the saliency of the case before Your Honor upon our client's separate proceedings pursuant to 28 U.S.C. § 1782 in the United States District Court for the Southern District of New York ("SDNY"). Accordingly, Petitioner seeks permission to intervene in *United States v. Ng*.

By way of background, Petitioner is the former prime minister of Malaysia and currently a member of that country's parliament. He seeks Intervenor status here on the basis of his pending Section 1782 petition for discovery in the SDNY, and his defense in an ongoing criminal trial in the High Court of Kuala Lumpur, sharing common questions of law and fact with *United States v. Ng*. There, Petitioner is alleged by the Malaysian government to have participated in a scheme of fraudulent transactions involving 1Malaysia Development Berhad ("1MDB") in which Mr. Ng is charged in this Court, and also in a Malaysian High Court separately from Petitioner.

As the Court is aware, Mr. Ng advised in his March 12 letter that Respondents in Mr. Razak's Petition before the SDNY, Timothy Leissner and the Goldman Sachs Group, Inc., possess material exculpating Mr. Razak in the Malaysian criminal trial -- the very type of material Petitioner seeks through his Section 1782 petition. Mr. Leissner and Goldman Sachs appear to be cooperating with the U.S. Government's prosecution of Mr. Ng. However, due to the Protective Order issued by this court on March 20, 2020 (Dkt. 36), counsel for Mr. Ng may not describe that exculpatory evidence to Petitioner or his counsel. Mr. Ng, by his counsel, further expresses concern that the U.S. Government is keeping "clearly exculpatory" evidence from Petitioner during his criminal trial, and asks this court to modify its Protective Order to allow him to provide the judge in the SDNY with that evidence. Dkt. 64 at 2-3.

The Honorable Margo K. Brodie
March 14, 2021
Page 2

Petitioner seeks Intervenor status in this case so he may join in Mr. Ng's sound request. Far from being prejudiced by Mr. Razak's request for intervention, Mr. Ng's counsel ethically and affirmatively brought the matter about which Mr. Razak seeks to intervene to this Court's attention. As suggested by Mr. Ng, the parties to this case, as well as Mr. Leissner and Goldman Sachs, possess testimony and documents that exculpate Petitioner, and to which Petitioner would clearly be entitled by Federal Rule of Criminal Procedure 16 and/or *Brady v. Maryland,* 373 U.S. 83 (1963), were Mr. Razak being tried in Brooklyn, USA and not Kuala Lumpur.

Mr. Ng's description of Petitioner's defense to the charges he now faces in Malaysia (*see* Dkt. 64 fn. 2), is accurate: he seeks evidence that 1MDB and Malaysian government officials made their own corrupt arrangements with Jho Low and Mr. Leissner, without Petitioner's participation.[1] If the parties to or U.S. Government cooperators and witnesses in *United States v. Ng* possess such exculpatory information, obtaining it is crucial to Petitioner's defense, including the impeachment of prosecution witnesses now testifying against him.

The SDNY judge now considering the merits of Petitioner's Section 1782 action ought to be made aware of the precise character of that evidence, as she weighs the government's pending motion to stay Petitioner's request, or whether to promptly enforce the subpoenas that were issued by that court. Petitioner therefore respectfully requests permission to intervene in order to request that the Protective Order be amended to both supply Judge Parker with the exculpatory evidence at issue, and to give Petitioner access to that exculpatory evidence.

Respectfully submitted,

/s/ _____

Kevin T. Carroll
John M. Doroghazi
David L. Hall
Paul A. Tuchmann

---

[1] Mr. Ng's counsel is similarly correct in stating that he and Mr. Razak's counsel have had no communications of any kind with one another. That remains true.